UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VALERIE VERMETTE, Individually
and as Mother, Guardian, and Next Friend of
JACK MICHAEL VERMETTE, a Minor,

    Plaintiffs,

v.

ELI LILLY AND COMPANY,

    Defendant.

CIVIL ACTION No.

## NOTICE OF FILING COPIES OF STATE COURT PAPERS SERVED ON DEFENDANT ELI LILLY AND COMPANY

Pursuant to 28 U.S.C. § 1446, defendant Eli Lilly and Company hereby files copies of all process, pleadings and orders in the Superior Court action (Superior Court for the District of Columbia Civil Action No. 05-0007567) with which it was served as of the morning of Oct. 6, 2005.

Respectfully submitted,

ELI LILLY AND COMPANY

_____
Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon, D.C. Bar # 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: Oct. 6, 2005

# CERTIFICATE OF SERVICE

I certify that on Oct 6, 2005, a true copy of the foregoing Notice of Filing State Court Papers was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
**Attorneys for Plaintiffs**

_____
Betty Marroquin

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **VALERIE VERMETTE Individually**<br>and as Mother, Guardian and Next Friend of<br>**JACK MICHAEL VERMETTE, a Minor**<br>8 Stedman Street<br>Brookline, MA 02496<br><br>Plaintiffs,<br><br>v.<br><br>**ELI LILLY AND COMPANY**<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br>w/s/o NATIONAL REGISTERED AGENTS, INC.<br>1090 Vermont Avenue, NW, #910<br>Washington, DC 20005<br><br>Defendant. | 05-0007567<br>CIVIL ACTION NO.<br><br>FILED<br>CIVIL ACTIONS BRANCH<br>SEP 1 6 2005<br>Superior Court<br>of the District of Columbia<br>Washington, D.C. |

### COMPLAINT
(DES Litigation - Products Liability, Punitive Damages)

1. Jurisdiction is founded upon 11 D.C. Code §921(1981ed.).

2. Plaintiff Valerie Vermette brings this suit individually and as the mother, guardian and next friend of Plaintiff Jack Michael Vermette, a minor.

3. Defendant is the manufacturer of Diethylstilbestrol ("DES"), who sold and promoted the drug to Cynthia S. Aber, the mother of the Plaintiff Valerie Vermette, in 1968 and 1969 in Massachusetts.

4. Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental



approval for DES. Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.

## COUNT I
### (Negligence - Valerie Vermette v. Eli Lilly and Company)

5. During her pregnancy with Plaintiff Valerie Vermette in 1968-1969, the mother of the Plaintiff Valerie Vermette, Cynthia S. Aber, purchased and ingested DES in the state of Massachusetts exposing her daughter to same during her formation. Said drug was prescribed by her treating obstetrician during the pregnancy. The drug ingested was manufactured, sold, distributed and promoted by Defendant Lilly.

6. As a result of Plaintiff Valerie Vermette's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, a shortened and incompetent cervix, resulting in the inability to carry a pregnancy to term, infertility, the premature birth of minor Plaintiff Jack Michael Vermette, medical expenses for care and treatment, physical and mental pain, and the inability to have the family she desired.

7. Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability - Valerie Vermette v. Eli Lilly and Company)

8. All of the allegations contained in paragraphs 1 though 7 are hereby realleged.

2

9. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

10. Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

11. As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Valerie Vermette was unreasonably exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

12. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff Valerie Vermette for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty - Valerie Vermette v. Eli Lilly and Company)

13. All of the allegations contained in paragraphs 1 through 12 are hereby realleged.

14. At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

15. Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff Valerie Vermette and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

16. At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

17. As a direct result of the breach of warranties by the Defendant, Plaintiff Valerie Vermette has been injured as aforesaid.

## COUNT IV
### (Misrepresentation - Valerie Vermette v. Eli Lilly and Company)

18. All of the allegations contained in paragraphs 1 through 17 are hereby realleged.

19. Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

20. The mother of the Plaintiff Valerie Vermette and her attending physicians, did, in fact, rely on Defendant's representations in its advice about purchase, use, and consumption of DES.

21. At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

4

22. As a direct result of said false representations by Defendant, Plaintiff Valerie Vermette was injured as aforesaid.

## COUNT V
### (Negligence – Jack Michael Vermette, a Minor v. Eli Lilly and Company)

23. Plaintiff Valerie Vermette brings this suit as mother, guardian and next friend of Jack Michael Vermette, a minor, who was injured as a result of his premature birth, as a result of his mother's, Plaintiff Valerie Vermette's, exposure to DES in utero.

24. The drug DES is a transplacental teratogen capable of crossing the placenta and entering the blood stream of the developing fetus. The reproductive tract of the developing female is sensitive to the estrogenic stimulation of DES (a synthetic estrogen promoted, manufactured, sold and distributed by Defendant). In 1968-1969, Cynthia S. Aber, the minor Plaintiff's grandmother, ingested DES, which caused her daughter's developing reproductive tract to become deformed, marred and stunted. This defect is such that the organs (uterus and cervix) are not capable of holding back, restraining or delaying pregnancy. The infant, Jack Michael Vermette, was born 6 weeks early, at 34 weeks gestation, because of his mother's DES-injured birth uterus / cervix, which he shared for the 34 weeks of his gestation. As a result, Jack Michael Vermette was born prior to full maturity of his lungs, brain and body, resulting in permanent and severe injuries, including, but not limited to cerebral palsy (PVL), gross motor delays, neurological disorders and deficits, all of which have caused and continue to cause pain and suffering, medical and surgical expenses, loss of future earnings, therapeutic expenses and loss of enjoyment of life.

25. Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

### COUNT VI
**(Strict Liability – Jack Michael Vermette, a Minor v. Eli Lilly and Company)**

26. All of the above allegations are realleged and incorporated herein by reference.

27. Prior to 1968, the date the Plaintiff's birth uterus / cervix was injured, numerous reports were received in the medical and scientific literature to the effect that:

    a. DES, as well as many other chemicals, could cross the placenta;

    b. DES and other drugs and chemicals that crossed the placenta could effect and injure the developing fetus;

    c. DES was a "target" drug, i.e., it targeted or effected primarily the estrogen receptor organs of the female reproductive tract, whether the primary or secondary exposed person;

    d. DES had a potent cellular effect on female reproductive organs;

    e. DES was not efficacious and of no value in the prevention of miscarriages for which it was promoted by Defendant;

    f. DES was a teratogen to the reproductive tract of fetal animals such as mice, rats and mink when ingested by their mothers during pregnancy;

    g. raised questions about the toxicity of DES to the developing fetal female reproductive organs.

28. Based on the above reports, it was foreseeable, expected and knowable by Defendant that DES would expose the daughters of the pregnant women who were ingesting the

drug to stunt and deform their cervix and uteri and that it was foreseeable, knowable and expected in 1968 that DES given to pregnant women could and would stunt and deform their grandchildren's birth uterus, causing prematurity with resulting injury of the grandchildren.

29. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

30. Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's excessive advertising campaigns proclaiming the safety and efficacy of DES.

31. As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff's mother, Valerie Vermette, was unreasonably exposed to DES as an unborn child and the minor Plaintiff has suffered injury, loss and damages as aforesaid.

32. Due to having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to the minor Plaintiff for his DES-caused injuries, losses and damages.

**COUNT VII**
(Breach of Warranty – Jack Michael Vermette, v. Eli Lilly and Company)

33. All of the above allegations are realleged and incorporated herein by reference.

34. At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe fro pregnant women and their unborn children if used as directed for such purposes.

35. Defendant knew, or should have known that pregnant women, including the grandmother of Plaintiff and her attending physicians, were relying on Defendant's skill and judgment, and the implied and express warranties and representations.

36. At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

37. As a direct result of the breach of warranties by the Defendant, minor Plaintiff has been injured as aforesaid.

## COUNT VIII
(Misrepresentation – Jack Michael Vermette v. Eli Lilly and Company)

38. All the above allegations are realleged and incorporated herein by reference.

39. Defendant represented to pregnant women, including the grandmother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

40. The grandmother of the plaintiff and her attending physicians, did in fact, rely on Defendant's representations in its advise about purchase, use, and consumption of DES.

41. At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard

8

of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

42. As a direct result of said false representations by Defendant, minor Plaintiff was injured as aforesaid.

## COUNT IX
### (Punitive Damages)

43. The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

9

**WHEREFORE**, Plaintiff Valerie Vermette, individually, demands judgment against Defendant in the sum of $1 Million ($1,000,000.00) in compensatory damages and $1 Million ($1,000,000.00) in punitive damages, plus costs.

**WHEREFORE**, Plaintiff Valerie Vermette, as Mother, Guardian and Next Friend of Jack Michael Vermette, a minor, demands judgment against Defendant for $10 Million ($10,000,000.00) in compensatory and punitive damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES, P.A.

_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiffs

A TRUE COPY
TEST:   OCT 0 5 2005
Clerk, Superior Court of
the District of Columbia
By_____
Deputy Clerk

### JURY DEMAND

Plaintiffs hereby demand trial by a jury of six as to all issues of material fact.

_____
Aaron M. Levine

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

VALERIE VERMETTE et.al.
*Plaintiff*

vs.

ELI LILLY AND CO
*Defendant*

Civil Action No. 05-0007568

A TRUE COPY
TEST:   OCT 0 5 2005
Clerk, Superior Court of
the District of Columbia
By _____
Deputy Clerk

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine
Name of Plaintiff's Attorney

1320 19th St., NW, Suite 500
Address
Washington, DC 20036

(202) 833-8040
Telephone

By _____
(Deputy Clerk)

Date  9/16/05

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

| Case Number | Status | Judge |
|---|---|---|
| 2005 CA 007567 B | Open | WEISBERG, FREDERICK H. |

| In The Matter Of | | Action |
|---|---|---|
| VERMETTE, VALERIE et al   Vs. ELI LILLY AND COMPANY | | Complaint for Personal Injury Filed |

| Party | | Attorneys |
|---|---|---|
| VERMETTE, VALERIE | PLNTF | LEVINE, Mr AARON M |
| ELI LILLY AND COMPANY | DFNDT | |
| VERMETTE, VALERIE | PLNTF | |

| Opened | Disposed | Case Type |
|---|---|---|
| 09/16/2005 | Undisposed | Civil II |

Comments:

| No. | Date of Journal | Pleadings Filed, Orders and Decrees Book-Page-Nbr   Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 09/19/05 | Issue Date: 09/19/2005<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br>ELI LILLY AND COMPANY<br>Lilly Corporate Center<br>INDIANAPOLIS, IN  46285<br>Tracking No: 5000007344 | 0.00 | 0.00 |
| 2 | 09/16/05 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 12/16/2005   Time: 9:30 am<br>Judge: WEISBERG, FREDERICK H.   Location: Courtroom 318 | 0.00 | 0.00 |
| 3 | 09/16/05 | Complaint for Personal Injury Filed<br>Receipt: 13123   Date: 09/16/2005 | 120.00 | 0.00 |

|  | Totals By: | Cost | 120.00 | 0.00 |
|---|---|---|---|---|
|  |  | Information | 0.00 | 0.00 |

*** End of Report ***